UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLOS FERRARI, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-1660 |
| | § | |
| BLUECROSS BLUESHIELD OF TEXAS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Aetna Life Insurance Company's Motion for Judgment (Doc. No. 80). After considering the Motion, the response thereto, and all applicable law, the Court determines that the Motion should be granted.

### I. BACKGROUND

This case arises from a dispute between Plaintiff Dr. Carlos Ferrari and Defendant Aetna Life Insurance Company ("Aetna")[1] concerning the denial of claims for medical benefits.

On October 20, 2016, Aetna moved for summary judgment. (Doc. No. 28.) Discovery closed on January 16, 2017. Dr. Ferrari did not respond to Aetna's summary judgment motion until March 8, 2017. (Doc. No. 45.) The day before he filed his response, Plaintiff produced over 100 pages of new documents. (Doc. No. 52 at 2.) At a hearing held on April 7, 2017, the Court struck the newly produced documents from the record.

On April 18, 2017, this Court granted summary judgment on the majority of Plaintiff's claims. (Doc. No. 72.) The only claims remaining in the case are the breach of contract claims

---

[1] Plaintiff also brought claims against BlueCross BlueShield of Texas, BlueCross BlueShield of Illinois, Horizon BlueCross BlueShield of New Jersey, and CIGNA Healthcare, Inc. The instant motion does not concern Plaintiff's claims against these other Defendants.

1

regarding three patients, identified as K.B., V.T., and S.D. *Id*. Aetna now moves for a judgment dismissing the claims with respect to patient S.D. (Doc. No. 80.)

## II. LEGAL STANDARD

Dr. Ferrari argues that the Court lacks authority under the Federal Rules of Civil Procedure to grant the requested relief. (Doc. No. 82.) The Court disagrees. Rule 56(b) provides that a party may file a motion for summary judgment only until 30 days after the close of discovery, unless the court orders otherwise. Here, Aetna filed its first dispositive motion well within the timeframe contemplated by Rule 56. However, Dr. Ferrari filed additional documents on March 7, 2017, nearly two months after the close of discovery. The Court therefore permits Aetna to move for summary judgment on the basis of the documents produced on March 7.

Summary judgment is proper when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party. *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000). The court can consider any evidence in "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Crawford*, 234 F.3d at 902. The party moving for summary judgment bears the burden of demonstrating the absence of a genuine dispute of material fact. *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001). If the moving party meets this burden, the non-moving party must go beyond the pleadings to find specific facts showing that a genuine issue of material fact exists for trial. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if a party "fails to make a showing

sufficient to establish the existence of an element essential to that party's case." *Celotex*, 477 U.S. at 322.

## III. ANALYSIS

Dr. Ferrari is an in-network provider with Aetna pursuant to an Independent Practice Association Agreement (hereinafter, "the Contract") between Aetna and Memorial Hermann Health Network Provides, Inc. (Doc. No. 72 at 1.) As part of the Contract, Dr. Ferrari agreed to comply with Aetna's appeal process. *Id.* at 9. The Contract provides that the internal dispute and appeal processes must be exhausted before a plaintiff may pursue arbitration or a lawsuit. *Id.*

Aetna asserts that Dr. Ferrari failed to appeal his payment for patient S.D. (Doc. No. 80.) Aetna provides all the documents Dr. Ferrari produced concerning S.D., noting that there is no evidence of an appeal. *Id*. Under Federal Rule of Civil Procedure 56(e)(2), if a party fails to support an assertion of fact or fails to properly address another party's assertion of fact, the court may consider the fact undisputed for the purposes of the motion. Because Dr. Ferrari fails to provide evidence that he appealed his payment for patient S.D., *see* Doc. No. 82 at 2, the Court finds his failure to appeal to be undisputed. As such, under the terms of the Contract, Dr. Ferrari is not entitled to pursue a lawsuit. The Court therefore grants summary judgment to Aetna with regard to patient S.D.

## IV. CONCLUSION

For the reasons set forth above, the Court finds that Aetna's Motion for Judgment is **GRANTED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 8th day of May, 2017.

                                        HON. KEITH P. ELLISON
                                        UNITED STATES DISTRICT JUDGE